UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | NO. 2:06-CR-71 |
| | ) | |
| ALFONSO R. GARCIA | ) | |
| DONNA J. THOMAS | ) | |
| TINA D. BURLESON | ) | |
| APRIL D. TOWNSEND | ) | |
| JOE S. COFFMAN | ) | |
| GLORIA COFFMAN | ) | |
| CRYSTAL RAINBOLT | ) | |

**O R D E R**

The defendants Coffman and Rainbolt have filed a number of pretrial motions which have been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. A hearing was held on April 11, 2007.

***COFFMAN'S AND RAINBOLT'S MOTION TO SUPPRESS CO-DEFENDANTS' STATEMENTS (DOC. 91 AND DOC. 89):***

Although entitled a Motion to *Suppress*, in reality it is a motion *in limine* and will be resolved by an order of the magistrate judge rather than by a report and recommendation.

Defendants' motion is premised on *Bruton v. United States*, 391 U.S. 123 (1968).

In its response, the United States acknowledges that it understands the holding in *Bruton* and it will not attempt to offer any evidence in contravention of that case.

Obviously, if a co-defendant testifies against a defendant, that co-defendant is

therefore subject to cross examination and *Bruton* is not implicated. Further, a co-conspirator's statement that is admitted under F.R.E. 801(d)(2)(E) does not run afoul of *Bruton. See, United States v. Mitchell*, 556 F.2d 371, 6th Cir. *cert*. denied, 424 U.S. 925 (1977). In its response, it is noted that the United States recites that it "will exercise its right to use a co-conspirator's statement that is in furtherance of the conspiracy . . . ." In this regard, the United States is reminded of the provisions in the Court's Order on Discovery and Scheduling[1] regarding co-conspirator's statements proposed to be admitted under F.R.E. 801(d)(2)(E).

Based upon the United States' response, no ruling of the court is necessary, and these motions should be shown as TERMINATED.

### *COFFMAN'S MOTION FOR DISCLOSURE OF ANY RULE 404(b) EVIDENCE (DOC. 92)*:

Firstly, defendant's motion is controlled by a specific provision in the Order on Discovery and Scheduling that concerns Rule 404(b) evidence.[2] Secondly, Rule 404(b) is a rule of evidence, not a rule of discovery. The Rule itself requires only that the United States provide to the defendant notice of the *general nature* of evidence of other crimes, wrongs, and acts which the United States will undertake to introduce against the defendant. Defendant's motion asks for extensive and detailed information and therefore is DENIED.

### *COFFMAN'S AND RAINBOLT'S MOTION FOR SEVERANCE (DOC. 94 AND*

---

[1] Doc. 66, ¶ X.

[2] Doc. 66, ¶ XI.

*DOC. 110)*:

There now remain only two defendants, Coffman and Rainbolt. The attorney for each defendant argues that the evidence against his client is quite different from that of the other defendant and there is "little or no overlap." According to the defendants, the material furnished to them during discovery reveals no interaction between Rainbolt and Coffman. Coffman additionally argues that there is sparse evidence of any description against him and that it would be highly prejudicial to require him to participate in a trial with another defendant when most of the evidence in that trial will concern that other defendant.

The United States argues that the same witnesses will testify against both of these witnesses to prove the charge of conspiracy.

These two defendants (and the other defendants who have entered into plea agreements with the United States) are charged in Count I of the Superceding Indictment with a conspiracy to distribute, and to possess with the intent to distribute, 500 grams or more of methamphetamine. Generally, in conspiracy cases persons indicted together should be tried together. *United States v. Robinson*, 707 F.2d 872, 879 (6th Cir. 1983), on remand, 763 F.2d 778, (1985). Since much of the United States' evidence will be identical with respect to each defendant, obviously a single trial is in the interest of judicial economy. Nevertheless, Rule 14 of the Federal Rules of Criminal Procedure allows the district court to order separate trials when it appears that joinder, otherwise permissible under Rule 8, is prejudicial to either a defendant or the United States.

A severance is not favored, and the burden is on the defendant who requests a

severance to make an adequate showing of prejudice to justify departure from the general rule that defendants indicted together should be tried together. *See, United States v. Vaughn*, 422 F.2d 812, 813-14 (6th Cir. 1970). To justify a severance, the defendant must present a "strong showing of prejudice." *United States v. Hessling*, 845 F.2d 617, 619 (6th Cir. 1988). The jury is presumed capable of sorting out the evidence and considering the case of each defendant separately. *See, United States v. Warner*, 690 F.2d 545, 555 (6th Cir. 1982). Further, it must be presumed that the jury is capable of comprehending the district judge's instructions and following those instructions.

The motions for severance are DENIED.

***COFFMAN'S MOTION IN LIMINE (DOC. 96)***:

This motion *in limine* concerns various audio and video recordings which the United States proposes to introduce as part of its proof-in-chief. The motion raises three separate issues: (1) Some of the recordings contain dialog between the confidential informant and the government agent, and in which the confidential informant explains what he intends to do (or what he just did). (2) The DVD identified as Bates #222 seems to show the defendant Coffman using drugs, which defendant argues is unduly prejudicial; and (3) Session 1340 of the Garcia Disc 8046 contains a reference to marijuana, which is unduly prejudicial inasmuch as marijuana is nowhere charged in the Superceding Indictment.

(1) Regarding the extraneous dialog in the recordings, the United States recites in its response that it will redact those dialogs. Defendant's counsel responded that such a redaction would satisfy this aspect of his motion.

(2) The visual recording was made by a confidential informant who had a tiny camera concealed somewhere on his body. The incriminating portion of the recording is rather brief. Mr. Coffman precedes the informant into a room in which Mr. Garcia is lying on the bed on his back and obviously smoking *something*. Mr. Coffman walks over to the bed and asks, "Can I have a hit?"[3] And, with his back to the camera, Coffman bends over Garcia and obviously inhales something. Presumably that "something" is marijuana smoke.

To be sure, Mr. Coffman is not charged with any offense involving marijuana. But the bulk of the video addresses a drug transaction that occurred in Coffman's dwelling and which involved Mr. Coffman, Mr. Garcia, and the confidential informant. This drug transaction forms the basis of Count Thirteen of the Superseding Indictment. For this reason alone, the recording is unobjectionable.

This situation is no different than a surreptitious video or audio recording of a drug transaction which reveals the defendant uttering all sorts of obscenities and other outrageous statements which would offend most people. The content of the tape has relevance, not only to Count Thirteen, but also Count One. Mr. Coffman's ingestion of marijuana was simply a happenstance occurrence and cannot be edited out of the recording without doing violence to the remainder. Accordingly, this aspect of defendant's motion *in limine* is DENIED.

(3) Session 1340 of the Garcia Disc 8046 is an intercepted (wiretapped) telephone conversation between the defendant Garcia and the defendant Coffman. Most of the conversation concerns a fight or argument between "Brenda and Charles" the preceding

---

[3]Or words to that effect, but the word "hit" comes through loudly and clearly.

night, seemingly attributable to Brenda's intoxication. There is also a reference in the conversation to Garcia's phone cutting in and out. Then, almost out of the blue, Garcia said "Like I said, I told him last night about 11:00 . . . . I gave him a quarter pound of pot . . . ."

As defendant pointed out, Coffman is not charged in the Superceding Indictment with any offense regarding marijuana. AUSA Hebets argues that the reference to marijuana cannot be "highly prejudicial" since marijuana use has become rather common, and people hear about it all the time, or words to that effect. The problem with that argument is that the statement referred to a *quarter pound* of marijuana. It also is noted that a host of people have been prosecuted in this court and in state court for amounts less than a quarter pound of marijuana. The United States' suggestion that the widespread use of marijuana and its availability somehow minimizes the prejudicial effect is not at all persuasive.

Since the United States also argued that the statement is relevant, i.e., has probative value, because "people who deal in drugs usually deal in multiple kinds of drugs." In other words, the reference to marijuana, according to the United States, tends to prove the existence of the conspiracy to distribute methamphetamine as charged in Count I of the Superseding Indictment. Even if that be true, it was Garcia who made the statement, not Coffman. Absent any response by Coffman to this remark, the statement stands in a vacuum and proves nothing as far as Coffman is concerned. The motion *in limine* with respect to this recording is GRANTED.

***COFFMAN'S MOTION TO PROHIBIT THE GOVERNMENT'S USE OF VIDEO TAPES AND PAPER DOCUMENTS, INCLUDING THE TWELVE CALLS IDENTIFIED BY THE UNITED STATES AS SPECIFICALLY PERTAINING TO***

### *THE DEFENDANT (DOC. 98)*:

A part of this motion addresses a DVD identified as Bates # 222, discussed in the preceding ruling.

The remainder of the motion addresses twelve intercepted telephone conversations. One of those conversations, Session 1340 of "Garcia Disc 8046," is also discussed in the preceding section.

Those remaining intercepted calls run the gamut from fairly damning to essentially meaningless. For example, Session 1735, at least as far as the United States' synopsis reveals, was a call from Coffman to Garcia. Coffman made a statement to the effect that someone had Al's phone, and he asked for a callback, after which the call was disconnected. Used in isolation, all this recording would prove is that Joe and Al knew each other. Other intercepted calls, however, suggest something more sinister. Session 1825 is a phone call from Coffman to Garcia in which Coffman tells Garcia, "There had been a couple of people asking for stuff . . . ." Session 1829, which was another phone call from Coffman to Garcia, reflects that Coffman asked Garcia if he was coming to Elizabethton, to which Garcia responded, "As soon as the man gets my stuff, yeah."

Definitively ruling on the admissibility of these telephone conversations at the pretrial stage is impossible. The magistrate judge has no idea what the entire proof will show, and how these recordings ultimately will fit into the entire panoply of evidence. In the context of the trial, they could have far more meaning than they appear to have now. Of course, it could also turn out that they mean no more during the trial than they now mean. It must be

presumed that the AUSA has other evidence which will give these recordings far more significance than they now seem to have. Indeed, presumably Garcia himself will testify.

At least from the standpoint of a pretrial ruling, defendant's motion *in limine* is DENIED.

### *COFFMAN'S MOTION IN LIMINE TO PROHIBIT THE USE OF TANGIBLE OBJECTS NOT DISCLOSED TO THE DEFENDANT (DOC. 99)*:

This motion, of course, is a prophylactic one. The United States responds that it has provided or made available to the defendant all materials required to be disclosed to the defendant under Rule 16, and "the United States recognizes its continuing obligation to provide discovery as it becomes available up to and including the commencement of trial." The United States concludes its response by saying that "It is incumbent upon the defendant to demonstrate that [any] late discovery has deprived the defendant of a fair trial." Although this last statement is true as far as it goes, the United States also has a burden: If there is belated discovery, the initial burden will be upon the United States to demonstrate that its failure to make timely discovery was attributable to circumstances beyond its control.

The motion requires no ruling and therefore should be shown as TERMINATED.

### *COFFMAN'S MOTION IN LIMINE TO PROHIBIT THE USE OF TRANSCRIPTS OF TAPED TELEPHONIC RECORDINGS (DOC. 101)*:

Defendant objects to the United States' proposed use of transcripts of recordings.

That there will be transcripts submitted to the jury is no longer in doubt; AUSA Hebets announced that transcripts had been requested and were being prepared.

As discussed during the hearing, transcripts should have been prepared long ago. *See*,

¶ IX of the Order on Discovery and Scheduling. But for the fact that the trial of this case has been moved to a later date would have put this court in an almost impossible situation. Fortunately for the United States, the trial has been moved. The United States shall submit any proposed transcripts to the defendants' attorneys by12:00 noon on April 27, 2007. No later than May 15, 2007, the magistrate judge shall be advised, *in writing*, if there is a stipulation as to any given transcript or, conversely, if there is dispute regarding the accuracy of any given transcript. With respect to any disputes regarding transcripts, there must be a hearing at which the judge will compare the transcript to the audio recording in an effort to determine if the recording truly is just an "aid" to the jury or effectively becomes a substantive exhibit that supplies information to the jury that the recording itself does not. *See, United States v. Robinson*, 707 F.2d 872 (6th Cir. 1983); *United States v. Segines*, 17 F.3d 847 (6th Cir. 1994).

A ruling on this motion will await the communications from the lawyers, as hereinabove stated, and the Clerk is ADVISED that this motion remains pending.

***COFFMAN'S MOTION FOR DISCOVERY TO REVEAL ALL PLEA AGREEMENTS WITH WITNESSES AND ALLEGED CO-DEFENDANTS IN THIS CASE (DOC. 108)***:

Inasmuch as every defendant, except for Coffman and Rainbolt, have entered into plea agreements, it is to be expected that most of those co-defendants will be witnesses against both Coffman and Rainbolt.

To the extent that defendant's motion implicates the *Jencks* Act, the *Jencks* Act itself controls and the court is powerless to direct the United States to make an earlier disclosure

9

of material.  *See, United States v. Algie*, 667 F.2d 569 (6th Cir. 1981) and *United States v. Minsky*, 863 F.2d 870 (6th Cir. 1992).  With respect to impeachment material, including exculpatory impeachment that is not otherwise covered by the *Jencks* Act, the motion is controlled by *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988): " So long as a defendant is given impeachment material, even exculpatory impeachment material, in time for use at trial, we fail to see how the Constitution is violated." *Id*, at 1287.  The motion is also is controlled by ¶ IV of the court's Order on Discovery and Scheduling which requires that any evidence known to the United States which may be favorable on the issue of guilt or punishment shall be disclosed no less than fourteen calendar days prior to the commencement of trial, and any impeachment evidence (which defendant's motion addresses) must be disclosed no later than seven calendar days prior to the commencement of trial.  Thus, defendant's motion is GRANTED, and the United States shall provide to defendant such information or documents not less than seven calendar days prior to the date of trial.

### *RAINBOLT'S MOTION IN LIMINE (DOC. 88)*:

This motion concerns discussions between a confidential information and government agents and other similar extraneous information on various video and audio recordings.  The United States' attorney announced that all such extraneous dialog and conversation will be redacted from the recordings. Defendant's counsel responded that this would satisfy his motion.  The Clerk therefore is DIRECTED to TERMINATE this motion.

### *RAINBOLT'S MOTION IN LIMINE (DOC. 90)*:

This motion *in limine* asks that the United States be precluded from using various "unsigned and undated handwritings," identified in the motion by a series of Bates numbers.

The United States responded that it has reviewed these documents, that none of them apply to the defendant Rainbolt, and "therefore [those documents] will not be used during its proof-in-chief against her."[4] Counsel for the defendant advised the court that this response satisfied the instant motion. The Clerk therefore is DIRECTED to TERMINATE this motion.

### *RAINBOLT'S MOTION TO PROHIBIT THE GOVERNMENT'S USE OF AUDIO TAPES, VIDEO TAPES, AND PAPER PRODUCTS (DOC. 111)*:

Defendant's attorney simply told the court that this motion was a "shot across the [Government's] bow" and that he intended to object to any audio tape, video tape, and paper documents that do not contain Rainbolt's voice, image, or signature.

The general and non-specific nature of the motion precludes a pretrial ruling by the magistrate judge.

The Clerk is DIRECTED to show this motion as TERMINATED.

SO ORDERED:

                                                            s/ Dennis H. Inman
                                                   United States Magistrate Judge

---

[4] Doc. 116.